1

Honorable Ronald B. Leighton

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8

9

DONOVAN and JANICE FLECK and the
marital community composed thereof,

No. 3:11-cv-05035

10

Plaintiffs,

DEFENDANT CREDIT PROTECTION
ASSOCIATION, L.P.'S MOTION TO
DISMISS

11

v.

12

13

CREDIT PROTECTION ASSOCIATION, L.P.,
a Texas Limited Partnership,

NOTE ON MOTION CALENDAR:
February 18, 2011

14

Defendant.

15

## I.     MOTION AND RELIEF REQUESTED

16

COMES NOW Defendant CREDIT PROTECTION ASSOCIATION, L.P. ("CPA"),

17

by and through its attorney David J. Elkanich, and moves the Court to dismiss the Complaint

18

pursuant to Fed. R. Civ. P. 12(b)(6) because plaintiffs fail to state any claims upon which

19

relief can be granted.

20

Plaintiffs seek relief for alleged violations of the Fair Debt Collection Practices Act

21

and Washington state law, based upon a sentence contained in a letter CPA sent Donovan

22

Fleck on September 13, 2010.  That letter states, in relevant part, "[i]f this account is not

23

DEFENDANT CREDIT PROTECTION ASSOCIATION, L.P.'S
MOTION TO DISMISS – 1

settled, your name and account number will be reported to credit bureaus throughout the country."  The plaintiffs do not allege that this language is false, and do not allege that it is illegal to furnish information to the bureaus.  Instead, the plaintiffs misinterpret a Washington statute to assert that the letter threatens to impair their credit if they did not pay.  There is, however, nothing in the defendant's letter that violates the law.  It is a truthful statement consistent with Federal and Washington state consumer laws.

## II.   STATEMENT OF FACTS

Each of Plaintiffs' allegations stem from one sentence in a letter CPA sent Plaintiff Donovan Fleck.[1]  In that letter, CPA states, in relevant part,  "[i]f this account is not settled, your name and account number will be reported to credit bureaus throughout the country." Exhibit A.

Plaintiffs' complaint asserts several violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1692.  Specifically, Plaintiffs allege CPA violated §1692d, §1692f,  and §§1692e(2), (5), and (10):

- Section 1692d states, "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

- Section 1692f states that it is an unfair practice to use any unfair or unconscionable means to attempt to collect a debt.

- Section 1692e(2) states, "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of a debt" and specifically prohibits "[t]he false representation of… (A) the character, amount, or legal status of any debt; or (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt."

---

[1]  Attached as Exhibit A, to the Declaration of David J. Elkanich in Support of Defendant Credit Protection Association, L.P.'s Motion to Dismiss.

DEFENDANT CREDIT PROTECTION ASSOCIATION, L.P.'S
MOTION TO DISMISS – 2

HINSHAW & CULBERTSON LLP
1000 SW BROADWAY, SUITE 1250
PORTLAND, OREGON  97201
T. 503.243.3243
F. 503-243-3240

- Section 1692e(5) prohibits a collector from threatening to take any action that "cannot legally be taken or that is not intended to be taken."

- Section 1692e(10) prohibits "the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

Plaintiffs' complaint also alleges CPA violated the Revised Code of Washington, §§19.16.250(9) and (10), which prohibits collection agencies from threatening a debtor with impairment of his credit rating if a claim is not paid.  Finally, Plaintiffs also allege CPA committed the tort of outrage under Washington state law.

The language contained in CPA's letter does not violate the FDCPA or Washington state law, and therefore, Plaintiffs' complaint must be dismissed.

### III.   ARGUMENT

### A.   THE LANGUAGE CONTAINED IN CPA'S LETTER DOES NOT VIOLATE THE FDCPA

As explained above, the FDCPA prohibits collectors from harassing debtors, from using unfair or unconscionable means to collect a debt, from using false, deceptive or misleading representations, and from threatening to take action they cannot legally take, or that is not intended to be taken.  FDCPA §§ 1692d, 1692f, 1692e, et. seq.  CPA's letter does not violate any of these sections because it is not a threat in any way.

This Court applies the "least sophisticated consumer" standard to these allegations to determine if a consumer would have been misled by CPA's letter.  *Donohue v. Quick Collect, Inc.,* 592 F.3d 1027, 1030 (9th Cir. 2010); *see Wade v. Regional Credit Ass'n,* 87 F.3d 1098, 1099 (9th Cir. 1996).  The "least sophisticated consumer" standard serves a dual purpose, "[i]t (1) ensures the protection of all consumers, even the naive and the trusting, against deceptive debt collection practices, and (2) protects debt collectors against liability for bizarre or

DEFENDANT CREDIT PROTECTION ASSOCIATION, L.P.'S
MOTION TO DISMISS – 3

HINSHAW & CULBERTSON LLP
1000 SW BROADWAY, SUITE 1250
PORTLAND, OREGON  97201
T. 503.243.3243
F. 503-243-3240

idiosyncratic interpretations of collection notices." *Clark v. Capital Credit & Collection Services, Inc.,* 460 F.3d 1162, 1180 (9th Cir. 2006) (concurrence, citing *Clomon v. Jackson,* 988 F2d 1314, 1320 (2d Cir. 1993)).

The language at issue in this case is not a threat of any kind, it does not harass, oppress or abuse the intended recipient, nor is it false, deceptive or misleading in any manner. The language conveys information to Mr. Fleck, that in the event he does not pay the debt he owes, CPA will furnish information about the debt to the credit bureaus. Nothing in the statement violates the FDCPA.

The language in CPA's letter is far more benign than language in a similar case in which FDCPA claims were dismissed. *See Wade v. Regional Credit Association,* 87 F.3d 1098 (9th Cir. 1996). In *Wade,* the defendant sent a debtor a letter which stated: "[i]f not paid TODAY, it may STOP YOU FROM OBTAINING credit TOMORROW." *Id.* at 1100 (emphasis in original). The Ninth Circuit held that this letter did not violate the FDCPA, because it was not "a threat to take action" that could not be legally taken, it was not "unconscionable," nor was the letter threatening. *Id.*

The court also stated that "the notice told Wade correctly that she had an unpaid debt, and properly informed her that failure to pay might adversely affect her credit reputation. There was no false representation ..." *Id.* In fact, the court held that the letter was "informational, notifying Wade that failure to pay could adversely affect her credit reputation." *Id.* The language contained in the letter in *Wade* was much more threatening that the statement contained in CPA's letter, which merely informs Mr. Fleck that in the event he does not pay, his information will be furnished to the bureaus. Therefore, Plaintiffs' FDCPA claims should be dismissed as a matter of law.

DEFENDANT CREDIT PROTECTION ASSOCIATION, L.P.'S
MOTION TO DISMISS – 4

Moreover, Washington courts interpreting the FDCPA have found letters with language less threatening than CPA's to be in compliance with the FDCPA.  In *Glover v. Account Receivable, Inc.,* 111 Wn. App. 1022, 2002 WL 737491 (2002) (unpublished opinion)[2], the court looked to the *Wade* decision and held that a letter which stated, " [w]ithin three days this letter will become a permanent part of your credit record with the Credit Bureau unless paid" did not violate the FDCPA or Washington state law. *Id.* at *3.  The court held, "[t]he language in Wade is much stronger than the language" sent in *Glover*, and therefore the language did not violate the "least sophisticated consumer standard." *Id.*

Like *Wade* and *Glover*, the letter sent by CPA does not violate of the FDCPA.  CPA's letter simply stated that "[i]f this account is not settled, your name and account number will be reported to credit bureaus throughout the country." Exhibit A.  CPA is not liable for any bizarre or idiosyncratic interpretation by Plaintiffs. *Clark,* 460 F.3d at 1180.

**B.    THE LANGUAGE CONTAINED IN CPA'S LETTER DOES NOT VIOLATE WASHINGTON LAW**

   **1.    Consumer Agency Act**

Plaintiffs argue that CPA's letter also violates the Washington Collection Agency Act ("CAA").  The CAA states, in relevant part, that a collection agency shall not:

> (9)    Communicate or threaten to communicate, the existence of a claim to a person other than one who might reasonably be expected to be liable on the claim in any manner other than through proper legal action, process, or proceedings …
>
> …

---

[2]  After a diligent search, counsel for CPA was not able to locate a local rule addressing the use of unpublished opinions in the Western District of Wasington.  Accordingly, this unpublished opinion is being cited for illustrative purposes only.

DEFENDANT CREDIT PROTECTION ASSOCIATION, L.P.'S
MOTION TO DISMISS – 5

(10)    Threaten the debtor with impairment of his credit if a
claim in not paid.

RCW 19.16.250. The statute, however, also creates an exception, which states, "a [collection agency] may inform a credit reporting bureau of the existence of a claim ..." RCW 19.16.250(9)(a). CPA's letter fits within this exception.

These identical claims were also addressed in *Glover*, where the court examined a collection agency's letter which stated "[w]ithin three days this letter will become a permanent part of your credit record with the Credit Bureau unless paid." The *Glover* court held that this language did not violate the CAA. *Glover*, at *2. The court looked to the language of the CAA and correctly explained that the letter:

> [D]id not threaten 'impairment of [Glover's] credit rating' if he
> did not pay, as prohibited by RCW 19.26.250(10). Rather,
> consistent with RCW 19.16.250(9)(a), [the collection agency]
> advised Glover that if he did not pay his debt, it would be
> become 'part of this credit report.'

111 Wn.Ap. at *2. The court held that, as explained by the exception noted in the CAA and detailed above, a collector can make a truthful, negative credit report to a credit bureau and truthfully inform debtors that they are going to make such a report. *Id.*

The language in CPA's letter is analogous with the language in the letter in *Glover*. CPA simply stated that failure to settle the account would result in information about the account being furnished to credit bureaus across the country. CPA did not threaten to destroy or ruin Plaintiffs' credit, nor did CPA state that Plaintiffs would be unable to get credit in the future. CPA did not make any representation on how the information would affect or impact Plaintiffs' credit. It simply stated the truth, that if he did not settle his account, it would inform credit bureaus. As the *Glover* court held, that is not a violation of Washington law.

DEFENDANT CREDIT PROTECTION ASSOCIATION, L.P.'S
MOTION TO DISMISS – 6

HINSHAW & CULBERTSON LLP
1000 SW BROADWAY, SUITE 1250
PORTLAND, OREGON  97201
T. 503.243.3243
F. 503-243-3240

### 2.   Consumer Protection Act

Plaintiffs also allege that CPA's letter violated the Consumer Protection Act.  Under the Consumer Protection Act, a violation of the CAA is a per se violation of the Consumer Protection Act.  Plaintiffs' basis for liability under the Consumer Protection Act is apparently based solely on the court finding liability under the CAA or the FDCPA.  As in *Glover*, because CPA did not violate the CAA or the FDCPA, the Consumer Protection Act claim should be dismissed as well.

### 3.   Tort of Outrage

Finally, Plaintiffs claim that CPA committed the tort of outrage.  Under Washington law, the elements of tort of outrage are:

> (1) [E]xtreme and outrageous conduct; (2) intentional or reckless infliction of emotional distress; and (3) actual result to the plaintiff of severe emotional distress.  The conduct in question must be *so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.*

*Humble v. Boeing Co.*, 305 F.3d 1004, 1012 (9th Cir. 2002) (emphasis in original).

As discussed above, CPA's letter was not in violation of state or federal law, and therefore cannot possibly be considered extreme and outrageous.  Plaintiffs allege that Janice Fleck has terminal cancer, and that Donovan Fleck, to whom CPA sent the letter, paid the debt rather than paying for her medicine.  Those allegations are no doubt tragic; however, there are no allegations that CPA knew of her condition, or of Mr. Fleck's dilemma in paying bills, and any inference to that end would simply be wrong.  There are no allegations that either of the Plaintiffs ever even spoke to CPA.  Those facts, serious and tragic, cannot on their own found the basis of the tort of outrage.

DEFENDANT CREDIT PROTECTION ASSOCIATION, L.P.'S
MOTION TO DISMISS – 7

HINSHAW & CULBERTSON LLP
1000 SW BROADWAY, SUITE 1250
PORTLAND, OREGON  97201
T. 503.243.3243
F. 503-243-3240

Even if the court found that CPA had violated the FDCPA or Washington law, the language of the letter alone does not rise to the level of "outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* Therefore, Plaintiffs' claim of outrage should be dismissed as well.

**IV.    CONCLUSION**

Because CPA's letter does not violate the FDCPA or Washington state law, Plaintiffs' complaint should be dismissed in its entirety.

DATED this 25th day of January 2011.

HINSHAW & CULBERTSON LLP


*/s David J. Elkanich*
David J. Elkanich, WSBA No. 35956
Attorney for Defendant Credit Protection
Association, L.P.

DEFENDANT CREDIT PROTECTION ASSOCIATION, L.P.'S
MOTION TO DISMISS – 8

## CERTIFICATE OF SERVICE

I hereby certify that on January 25, 2011, I caused the document **DEFENDANT CREDIT PROTECTION ASSOCIATION, L.P.'S MOTION TO DISMISS** to be electronically filed with the clerk of the Court through the CM/ECF system, which will send notification of such filing(s) to the following:

> Mr. Robert W. Mitchell
> 901 N. Monroe, Suite 356
> Spokane, Washington   99201
> Telephone:  509-327-2224
> Facsimile:  509-327-3374
> Email:  bobmitchellaw@yahoo.com

Attorney for Plaintiffs

DATED this 25th day of January, 2011.

HINSHAW & CULBERTSON LLP

*/s David J. Elkanich*
David J. Elkanich, WSBA No. 35956
Attorney for Defendant Credit Protection
Association, L.P.

CERTIFICATE OF SERVICE