Robert Mitchell (WSBN 37444)   Honorable Ronald B. Leighton
Attorney at Law, PLLC
901 N. Monroe Street, Ste 356
Spokane, WA 99201
Telephone: 509-327-2224
Facsimile: 509-327-3374
Email: bobmitchellaw@yahoo.com

Attorney for Plaintiffs

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

| | |
|---|---|
| DONOVAN and JANICE FLECK and the marital community composed thereof,<br><br>Plaintiffs,<br><br>v.<br><br>NORTHSTAR LOCATION SERVICES, LLC, a New York Limited Liability Company,<br><br>Defendant. | NO. 3:11-cv-05035<br><br>PLAINTIFFS' RESPONSE TO DEFENDANT'S 12(b)(6) MOTION TO DISMISS |

COME NOW, Plaintiffs, DONOVAN and JANICE FLECK, by and through their counsel, ROBERT MITCHELL, and respond to Defendant's 12(b)(6) Motion to Dismiss as follows:

## I.    INTRODUCTION and FACTS

Plaintiffs' complaint asserts that Defendant's letter threatening to report a debt to "credit bureaus throughout the country" violated the provision of the Washington Collection Agency Act that prohibits debt collectors from threatening to impair a debtor's credit rating while attempting to collect a debt, *inter alia*. RCW 19.16.250(9).

PLAINTIFFS' RESPONSE TO        1       Robert Mitchell, Attorney at Law
DEFENDANT'S MOTION TO DISMISS          901 N. Monroe, Suite 356
                                        Spokane, WA  99201
                                        (509) 327-2224   Fax (509) 327-3374

Defendant filed this Motion to Dismiss, which is based on two distinct theories. The first theory is that Defendant's letter could not possibly violate the statute because the statements made therein are technically true. Defendant's second theory is that the threat to report the debt to "credit bureaus throughout the country" was a benign statement of the action Defendant would take and legally could take under the law. Therefore, the statement could not have been a "threat to impair Plaintiffs' credit rating."

The problems with Defendant's theories are simple and straight forward. First, Defendant's theories are based on an unpublished state court case with different facts, which completely missed the mark when analyzing the meaning of the "least sophisticated consumer standard," and which directly contradicts published federal authority on the issue. Therefore, the case should not be used as authority to determine the merits of this case because, quite simply, there is a reason the Court voted to not publish the ruling.

Second, Defendant admits that the "least sophisticated consumer standard" applies in this case, yet Defendant completely misconstrues exactly what that standard means. (*See Defendant's Motion at pp. 3-4, lines 18 – 23*).

Third, Defendant completely ignores the progeny of case law that holds that even factually true statements can be threatening, false, or misleading; that intent is not even an issue when examining collector communications under this strict liability remedial statute; and Courts are directed to liberally construe the statutes in favor of consumers.

Given the degree of deference Courts are instructed to give to Plaintiffs' consumer claims, it is borderline frivolous for Defendant to suggest through its

PLAINTIFFS' RESPONSE TO          2          Robert Mitchell, Attorney at Law
DEFENDANT'S MOTION TO DISMISS               901 N. Monroe, Suite 356
                                            Spokane, WA  99201
                                            (509) 327-2224     Fax (509) 327-3374

12(b)(6) motion that Plaintiff's claims lack any merit whatsoever, especially where the motion is based on an unpublished state court case that directly contradicts published federal authority.

Regardless, because Defendant's motion presents matters outside the pleadings, Defendant's Motion to Dismiss must be treated as a Motion for Summary Judgment. *Fed. R. Civ. P. 12(b)*. As a result, Summary Judgment standards must apply and this Court is required to view all facts in a light most favorable to Plaintiffs. *Fed. R. Civ. P. 56*. Therefore, the question before this Court is whether reasonable persons could reach but one conclusion regarding whether the language contained in Defendant's collection letter was threatening in nature. *Id*.

Given the facts of this case and the strict manner in which collector actions are scrutinized under these strict liability remedial statutes that must be liberally construed in favor of consumers, it would be nearly impossible to determine that a reasonable juror could only conclude that Defendant's letter was non-threatening. In fact, it is not only possible but likely that reasonable jurors would find the "benign" statement harassing, abusive, threatening, and in violation of the statutes. Therefore, this Court should deny Defendant's Motion to Dismiss and allow Plaintiffs to proceed with discovery to determine what exactly Defendant's motives were in crafting and including the offending language in the collection letter at issue.

//

//

//

PLAINTIFFS' RESPONSE TO                               3                    Robert Mitchell, Attorney at Law
DEFENDANT'S MOTION TO DISMISS                                              901 N. Monroe, Suite 356
                                                                           Spokane, WA  99201
                                                                           (509) 327-2224     Fax (509) 327-3374

## II.  LEGAL ARGUMENT

**A.  Standard For Determining Motion To Dismiss.**

> If, on a motion…to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in rule 56…

Fed. R. Civ. P. 12(b).

In this case, Defendant's Motion to Dismiss includes: 1) An unpublished state court case; 2) Facts concerning Defendant's intent; 3) Arguments concerning the "least sophisticated consumer" standard; 4) Arguments concerning the veracity of the statement contained in the collection letter at issue; as well as other issues not present in previous pleadings in this case. Therefore, pursuant to the above-referenced rule, this Court should use CR 56 to determine the proposed dismissal of this action.

**B.  Standard For Determining Summary Judgment.**

A motion for summary judgment should only be granted only when:

> the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

CR 56(c); *IBEW, Local Union No. 46 v. Trig Electric Construction Co.*, 142 Wn.2d 431, 435, 13 P.3d 612 (2000)(citing *Clements v. Travelers Indem. Co.*, 121 Wn.2d 243, 249, 850 P.2d 1298 (1993)).

A material fact is a fact upon which the "outcome of litigation depends in whole or in part." *Samis Land Co. v. City of Soap Lake*, 143 Wn.2d 798, 803, 23

P.3d 477 (2000)(citing *Atherton Condo Apartment-Owners Ass'n Bd. Of Dirs. v. Blume Dev. Co.*, 115 Wn.2d 506, 516, 799 P.2d 250 (1990)).  No genuine issue of material fact exists if the Court, after considering the evidence in a light most favorable to the non-moving party, concludes that reasonable persons could reach only one conclusion.  *Reynolds v. Hicks*, 134 Wn2d. 491, 495, 951 P.2d 761 (1998)(citing *Wilson v. Steinbach*, 98 Wn.2d 434, 437, 656 P.2d 1030 (1982)).

The burden for establishing uncontroverted material facts initially rests with the moving party.  *Berger v. Sonneland*, 144 Wn.2d 91, 103, 26 P.3d 257 (2001)(citing *Folsom v. Burger King*, 135 Wn.2d 658, 663, 958 P.2d 301 (1998)).  A party can meet this burden by either setting forth its version of the facts and allege that there is no genuine issue, or the party can meet this burden by pointing out that the non-moving party does not have sufficient evidence to support its case.  *Guile v. Ballard Community Hospital*, 70 Wn. App 18, 21, 851 P.2d 689 (1993)(citing *Hash v. Children's Orthopedic Hosp. & Med. Ctr.*, 110 Wn.2d 912, 916, 757 P.2d 507 (1988) and *Young v. Key Pharmaceuticals, Inc.*, 112 Wn.2d 216, 225 n.1, 770 P.2d 182 (1989)).

In this case, Defendant has not even met its initial burden because Defendant's own pleadings illustrate that different Courts have decided the matter differently and that the outcome is "fact" specific.  The facts and law contained in Defendant's pleadings illustrate that a genuine issue of material fact exists in this case concerning whether reasonable minds could consider the language contained in Defendant's letter a threat to impair Plaintiffs' credit ratings.  This matter is further complicated by the fact that the Court must liberally construe this strict liability remedial statute to Plaintiffs' benefit.

PLAINTIFFS' RESPONSE TO
DEFENDANT'S MOTION TO DISMISS

5

Robert Mitchell, Attorney at Law
901 N. Monroe, Suite 356
Spokane, WA  99201
(509) 327-2224     Fax (509) 327-3374

**C.     Defendant's Theory That A Technically True Statement Cannot Possibly Violate The Statutes At Issue, Especially Where Defendant Lacked Intent, Is Untrue, Unsupported, And Should Be Rejected, Especially Where It Is Contrary To The Least Sophisticated Consumer Standard, And Where It Conflicts With This Strict Liability Remedial Statute's Clear Intent That The Statute Should Be Liberally Construed To Benefit Consumers Like Plaintiffs.**

An unlawful misrepresentation need not be made willfully or intentionally. Padilla v. Payco General American Credits, Inc., 161 F. Supp 2d 264 (S.D.N.Y. 2001). More importantly, a literally true letter can still convey a misleading impression in violation of the FDCPA. Sledge v. Sands, 182 F.R.D. 255 (N.D. Ill. 1998). Most importantly, in analyzing the "False or Misleading Representations" portion of the FDCPA, and the subsequent "Least Sophisticated Consumer" standard adopted to interpret the same, one Court stated:

> In the general context of consumer protection - of which the Fair Debt Collection Practices Act is a part - it does not seem 'unfair to require that one who deliberately goes perilously close to an area of proscribed conduct shall take the risk that he may cross the line.

Russell v. Equifax A.R.S., 74 F.3d 30 (2d Cir. 1996).

Defendant's motion astutely points out that Courts use the "least sophisticated consumer standard" in determining what is meant by a collector's communication and whether the communication is false or misleading. Wade v. Regional Credit Ass'n, 87 F.3d 1098 (9th Cir. 1996); and Swanson v. Southern Oregon Credit Serv., 869 F.2d 1222 (9th Cir. 1988). However, Defendant's motion completely misconstrues the meaning behind the "least sophisticated consumer standard" and the effect it has on the statute's intent.

"The basic purpose of the least-sophisticated-consumer standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd." <u>Clomon v. Jackson</u>, 988 F.2d 1314 (2d Cir. 1993). In analyzing the "False or Misleading Representations" portion of the FDCPA, and the subsequent "Least Sophisticated Consumer Standard" adopted to interpret the same, Courts have held that the FDCPA is a remedial statute to be liberally construed in favor of the consumer. <u>Johnson v. Riddle</u>, 305 F.3d 1107 (10th cir. 2002). The "least sophisticated consumer" standard is an "objective test." <u>Lewis v. ACB Bus. Servs., Inc.</u>, 135 F.3d 389 (6th Cir. 1998).

In determining what is meant by a debt collector's communication with a debtor, the Court should keep in mind that the Fair Debt Collection Practices Act is a strict liability, remedial statute that must be liberally construed to the benefit of consumers. <u>Baker v. G.C. Servs. Corp.</u>, 677 F.2d 775 (9th Cir. 1982); <u>Johnson v. Riddle</u>, 305 F.3d 1107 (10th cir. 2002); <u>Fox v. Citicorp Credit Servs., Inc.</u>, 15 F.3d 1507 (9th Cir. 1994); <u>Jeter v. Credit Bureau, Inc.</u>, 760 F.2d 1168 (11th cir. 1985); <u>Irwin v. Mascott</u>, 94 F. Supp. 2d 1062 (N.D. Cal. 2000); <u>Kaplan v. Assetcare, Inc.</u>, 88 F. Supp. 2d 1355 (S.D. Fla. 2000); <u>Picht v. Hawks</u>, 77 f. Supp. 2d 1041, 1043 (D. Minn. 1999); <u>Ross v. Commercial Fin. Serv. Inc.</u>, 31 F. Supp. 2d 1077, 1079 (N.D. Ill. 1999); <u>Ditty v. CheckRite, Ltd.</u>, 182 F.R.D. 639 (D. Utah 1998); <u>Chaudhry v. Gallerizzo</u>, 174 F.3d 394 (4th Cir. 1999); <u>Montgomery v. Huntington Bank & Silver Shadow Recovery, Inc.</u>, 346 F.3d 693 (6th Cir. 2003).

Additionally, the Washington Consumer Protection Act, of which the Collection Agency Act is a companion, requires Courts to liberally construe the

statute to the benefit of consumers.  (See RCW 19.86.920)(stating: "To this end this act shall be liberally construed that its beneficial purposes may be served.)

     Given the above, Defendant's intent in drafting the letter is inconsequential.  It matters even less whether the language contained in Defendant's collection letter was technically true.  The only issues to be resolved are whether the least sophisticated consumer would have understood the threat to report the debt to "credit bureaus throughout the country" as a threat to impair Plaintiffs' credit ratings.  This question must be answered in a manner that gives effect to the statutes at issue.  Therefore, in answering the above question, the Court must be mindful of the fact that all questions of fact must be construed in a light most favorable to Plaintiffs (CR 56), the statutes at issue are remedial strict liability statutes, Defendant's intent is inconsequential, Plaintiff's impression of what was meant by the statement should be interpreted using the least sophisticated consumer test, which is an objective test, and the statutes and the facts of this case must be liberally construed to the benefit of Plaintiffs.

     As a result, it is would be virtually impossible for this Court, or any other Court for that matter, to find that there are no genuine issues of material fact present in this case, and that Defendant should be given a pass in this lawsuit despite the fact that Defendant intentionally went perilously close to an area of proscribed conduct (*if Defendant did not dive directly into the area of proscribed conduct*).  Therefore, Defendant should be held to account for such actions rather than being summarily dismissed from this lawsuit.

//

//

PLAINTIFFS' RESPONSE TO          8          Robert Mitchell, Attorney at Law
DEFENDANT'S MOTION TO DISMISS          901 N. Monroe, Suite 356
         Spokane, WA  99201
         (509) 327-2224     Fax (509) 327-3374

### III. <u>CONCLUSION</u>

Given the above, this Court should deny Defendant's motion and allow Plaintiffs to move forward with this case, until such time as discovery proves that Defendant has absolutely no liability whatsoever for the alleged violations.

DATED this <u>10th</u> day of February, 2011.

Attorney for Plaintiffs


S//ROBERT MITCHELL
Robert Mitchell (WSBN 37444)
Attorney at Law, PLLC
901 N. Monroe Street, Ste 356
Spokane, WA  99201
Telephone: 509-327-2224
Facsimile: 509-327-3374
Email: bobmitchellaw@yahoo.com

PLAINTIFFS' RESPONSE TO
DEFENDANT'S MOTION TO DISMISS                9

Robert Mitchell, Attorney at Law
901 N. Monroe, Suite 356
Spokane, WA  99201
(509) 327-2224     Fax (509) 327-3374

# CERTIFICATE OF SERVICE

I hereby certify that on February 10, 2011, I electronically filed the foregoing (Response to Defendant's Motion to Dismiss) with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

**CREDIT PROTECTION ASSOCIATION, L.P.**, a Texas Limited Partnership, through its attorney: **DAVID ELKANICH**, at: Hinshaw & Culbertson, LLP, 1000 SW Broadway, Suite 1250, Portland, OR, 97201, 503-243-3243, delkanich@hinshawlaw.com.

Dated this ___10th___ day of February, 2011.

        Respectfully submitted,

        S/Robert Mitchell
        ROBERT MITCHELL (WSBN 37444)
        ATTORNEY AT LAW, PLLC
        901 North Monroe Street, Ste 356
        Spokane, Washington  99201
        Telephone: (509) 327-2224
        Facsimile: (509) 327-3374
        E-mail: bobmitchellaw@yahoo.com