HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DONOVAN and JANICE FLECK and the marital community composed thereof,<br><br>Plaintiffs,<br><br>v.<br><br>CREDIT PROTECTION ASSOCIATION, L.P., a Texas Limited Partnership,<br><br>Defendant. | CASE NO. 3:11-cv-05035RBL<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [Dkt. #9] |

## I. INTRODUCTION

.       THIS MATTER comes before the Court upon Defendant's Motion to Dismiss pursuant to Rule 12(b)(6) [Dkt. #9]. Plaintiffs are debtors and Defendant is a debt collection agency. Defendant mailed Plaintiffs a letter that stated, "If this account is not settled, your name and account number will be reported to credit bureaus throughout the country."

Plaintiffs claim this single sentence constitutes a violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, the Washington Collection Agency Act (CAA), RCW 19.16, and the Washington Consumer Protection Act (CPA), RCW 19.86. Plaintiffs also claim this sentence establishes that Defendant committed the tort of outrage. Defendant asks the Court to dismiss the Complaint in its entirety. Defendant argues Plaintiffs have failed to state a claim upon which relief can be granted because the sentence is a truthful statement consistent with

ORDER - 1

federal and Washington state law. Plaintiffs ask the Court to treat the Motion as one for summary judgment because Defendant presented matters outside the pleading. Plaintiffs argue there are genuine issues of material fact precluding summary judgment. Because this Court has not relied on matters outside the pleading, and because the Complaint fails to state any claim for which relief can be granted, Defendant's Motion to Dismiss is GRANTED.

## II. FACTS

The Court accepts the facts in Plaintiffs' Complaint as true. Plaintiffs Donovan and Janice Fleck are a married couple from Clark County, Washington. The Flecks fell on hard times and incurred debt on a Comcast account. The Complaint does not disclose the debt amount. Comcast assigned the debt to Defendant Credit Protection Association, a debt collection agency.

On September 13, 2010, "Defendant mailed Plaintiffs a collection letter which stated in pertinent part: 'If this account is not settled, your name and account number will be reported to credit bureaus throughout the country.'" (Compl. at ¶ 4.7, Dkt. #1.)

Two weeks later, Plaintiffs filed this Complaint in Clark County Superior Court, claiming violations of federal and Washington state law. The case was removed and assigned to this Court on January 11, 2011. The Complaint asserts five separate claims. Now, Defendant moves to dismiss the Complaint in its entirety pursuant to Rule 12(b)(6).

## III. DISCUSSION

**A. The Court will treat this Motion as a motion to dismiss under Rule 12(b)(6) because the Court has not relied on matters outside the pleadings.**

Without citing any case law, Plaintiffs ask the Court to treat the Motion as one for summary judgment because Defendant presented matters outside the pleadings. According to Plaintiffs, the matters outside the pleading include the following: (1) an unpublished state court case (2) facts concerning Defendant's intent (3) arguments concerning the "least sophisticated

ORDER - 2

consumer" standard, and (4) arguments concerning the veracity of the language in the letter. (Resp. at 4, Dkt. #11.)

If, on a motion under Rule 12(b)(6), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment. FED. R. CIV. P. 12(d). A motion to dismiss does not automatically convert into a motion for summary judgment if the district court has not relied on matters outside the pleadings. *Swedberg v. Marotzke*, 339 F.3d 1139, 1143 (9th Cir. 2003).

The Court has not relied on matters outside the Complaint for facts. To the extent Defendant presented facts outside the Complaint, those facts have been excluded from the Court's analysis. None of the cases or arguments Defendant presented are matters outside the pleadings because these cases and arguments bear directly upon Plaintiffs' allegations that Defendant violated the FDCPA and CAA. Because the Court has not relied on matters outside the pleadings, it will treat Defendant's Motion as a motion to dismiss under Rule 12(b)(6).

**B. The Motion to Dismiss is GRANTED because Plaintiffs fail to state any claim for which relief can be granted.**

   **1.   12(b)(6) Standard**

Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  Although the Court must accept as true the Complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper [Rule 12(b)(6)] motion. *Vasquez v. L. A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action

will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnote omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*).

### 2. Plaintiffs fail to state a claim under the FDCPA because the sentence was not abusive or misleading.

Plaintiffs' first claim is that Defendant violated section 1692d of the FDCPA when it wrote the sentence to them because the sentence was abusive. Defendant argues the language was benign. Section 1692d states, "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." As examples of abusive behavior, the section prohibits threatened violence or repeated phone calls. 15 U.S.C. § 1692d(1) & (5). *See also Fox v. Citicorp Credit Serv.*, 15 F.3d 1507, 1516 (9th Cir. 1994) ("Threatening and intimidating calls to a consumer at an inconvenient time or place could rationally support a jury finding of harassing conduct."). Here, Defendant sent one letter to Plaintiffs' home which included a strongly worded sentence. This conduct is not remotely similar to the examples of conduct section 1692d prohibits. The natural consequence of Defendant's conduct was not to abuse, but to warn. Debt collectors should be encouraged to make such warnings so that alleged debtors have an opportunity to rectify the situation before being reported to credit bureaus. The section 1692d claim is DISMISSED because the sentence was not abusive.

Plaintiffs' second claim is that Defendant violated section 1692e of the FDCPA because the sentence was misleading. Defendant argues the language was truthful and informative. Section 1692e states, "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt," such as making a "threat

ORDER - 4

to take any action that cannot legally be taken or that is not intended to be taken." § 1692e-(5). The test for determining whether a debt collector violated the FDCPA is objective and does not depend on whether the debt collector intended to deceive or mislead the consumer. *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1171 (9th Cir. 2006). Instead, the "least sophisticated" debtor standard applies, and the liability analysis turns on whether a debt collector's communication would mislead an unsophisticated but reasonable consumer. *Id.* Debt collectors are held strictly liable for any violations under the FDCPA. *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1030 (9th Cir. 2010).

In *Wade v. Regional Credit Ass'n*, 87 F.3d 1098 (9th Cir. 1996), the Ninth Circuit held the following language did not violate the FDCPA:

> If not paid TODAY, it may STOP YOU FROM OBTAINING credit TOMORROW. PROTECT YOUR CREDIT REPUTATION. SEND PAYMENT TODAY . . . DO NOT DISREGARD THIS NOTICE. YOUR CREDIT MAY BE ADVERSELY AFFECTED.

The *Wade* Court found the language to be truthful because the debt collector was not threatening to take action it could not legally take, and the debt collector made no false representation. *Id.* at 1100.

Here, the sentence was not misleading because it informed Plaintiffs of an action Defendant was entitled to take. Debt collectors in Washington may lawfully report unpaid debts to credit bureaus. RCW 19.16.250(9)(a). Here, Defendant merely "told [Plaintiffs] correctly that [they] had an unpaid debt and properly informed [them] that failure to pay might adversely affect [their] credit reputation. There was no false representation." *See Wade* at 1100. Presumably, Plaintiffs avoid discussing *Wade* because they cannot distinguish it. The section 1692e claim is DISMISSED because the sentence was not misleading.

### 3. Plaintiffs fail to state a claim under the CAA because Defendant was legally entitled to contact credit bureaus.

Plaintiffs' third claim is that Defendant violated the CAA when it wrote the sentence to them because the sentence threatened to impair Plaintiffs' credit rating. Defendant argues the language is not a threat, and the law expressly entitles it to contact credit bureaus. The CAA prohibits debt collectors from "threat[ening] the debtor with impairment of his credit rating." RCW 19.16.250(10). Here, the sentence did not mention Plaintiffs' credit rating. Assuming the sentence constituted an implied threat, it was only a threat to take lawful action. RCW 19.16.250(9)(a) expressly permits debt collectors to report unpaid debts to credit bureaus. Plaintiffs fail to explain why the Washington State legislature would expressly permit debt collectors to contact credit bureaus, while simultaneously prohibiting them from warning debtors they intend to contact credit bureaus. The CAA claim is DISMISSED because Defendant had a legal right to contact credit bureaus.

### 4. Plaintiffs fail to state a claim under the CPA because Plaintiffs have not stated a claim under the FDCPA or CAA.

Plaintiffs' fourth claim is that Defendant violated the CPA. Plaintiffs' basis for liability under the CPA is based on the Court finding liability under the FDCPA or CAA. (Compl. at ¶¶ 9.5-9.7, Dkt. #1.) Because plaintiffs have not stated a claim under the FDCPA or CAA, the CPA claim is DISMISSED.

### 5. Plaintiffs fail to state a claim for the tort of outrage because the sentence is not outrageous or extreme.

Plaintiffs' fifth claim is that Defendant committed the tort of outrage by including the sentence in its letter to Plaintiffs. The elements of tort of outrage are (1) extreme and outrageous conduct (2) intentional or reckless infliction of emotional distress, and (3) actual result to the plaintiff of severe emotional distress. *Dicomes v. State*, 113 Wash.2d 612, 630 (1989). The

conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* (quoting *Grimsby v. Samson*, 85 Wash.2d 52, 59 (1975)). Perhaps the sentence was impolite, but it falls far short of being outrageous in character or extreme in degree. The tort claim of outrage is DISMISSED because the sentence is not outrageous or extreme.

## IV. CONCLUSION

Plaintiffs claim a single, strongly-worded sentence gives them the right to pursue a judgment. No judgment is possible because this sentence does not constitute a violation of state or federal law. Because this Court has not relied on matters outside the pleading, and because the Complaint fails to state any claim for which relief can be granted, Defendant's Motion to Dismiss is GRANTED and this case is DISMISSED with prejudice.

**IT IS SO ORDERED.**

DATED this 20th day of June 2011.

　　　　　　　　　　　　　RONALD B. LEIGHTON
　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE